# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DERRIC EMIL THOMPSON,

    Petitioner,

v.

                                                 Civil Case No. 8:25-cv-2312-TPB-AEP
                                                 Crim. Case No. 8:20-cr-105-TPB-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

    Derric Emil Thompson files an amended motion under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to commit mail fraud, for which he was sentenced to 33 months' imprisonment followed by three years of supervised release. (Civ. Doc. 3)  Thompson pleaded guilty under a plea agreement to one count of violating 18 U.S.C. § 1349, and a judgment was entered against him on January 6, 2021.  (Crim. Docs. 41, 58)  He filed no appeal.

    Thompson raises four grounds for relief in his amended § 2255 motion. He claims that the district court lacked subject matter jurisdiction, the United States lacked sufficient evidence to prosecute him, his Fourth and Fifth Amendment rights were violated, and counsel rendered constitutionally ineffective assistance.  (Civ. Doc. 3)

Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

A district court may consider *sua sponte* the timeliness of a § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210; *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by *sua sponte* dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of

the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Thompson's judgment of conviction was entered on January 6, 2021. (Crim. Doc. 58)  The judgment became final 14 days later, on January 20, 2021. Therefore, under § 2255(f)(1), Thompson had until January 20, 2022, to file his § 2255 motion.

The envelope containing Thompson's initial filing in this action is date-stamped August 26, 2025, which is more than three years after the time for initiating this action expired.  Civ. Doc. 1-2 at 1; *see Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) ("We apply the prison mailbox rule, under which 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'").  And, when prompted to explain on the standard form why the one-year statute of limitations in § 2255(f) does not bar his claim, Thompson writes, "Does Not Apply."  (Civ. Doc. 3 at 11)

Thompson must explain why his § 2255 motion, which was filed more than three years after the time for initiating this action expired, is timely filed under § 2255(f).  No later than **45 DAYS** from the date of this order, Thompson must show (1) that his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3)

3

that he is entitled to equitable tolling, or (4) that he is actually innocent.  No later than **30 DAYS** after Thompson responds to this order, the United States must file a response that addresses the timeliness of the § 2255 motion.

**ORDERED** in Tampa, Florida on October 14th, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**